No. 3401

Second Circuit

—

WHITE v. MYANE

—

(March 12, 1929. Opinion and Decree.)

—

A. S. Drew, of Minden, attorney for plaintiff, appellant.

McInnis and Campbell, of Minden, attorneys for defendant, appellee.

STATEMENT OF THE CASE.

REYNOLDS, J. The purpose of this suit was to reform the description of immovable property sold by plaintiff to defendant contained in the act of sale.

Plaintiff alleged that it was his intention to sell and defendant's to buy a half

acre of land in the form of a parallelogram having a width of 105 feet on its front and rear sides and a depth of 210 feet on its other two sides, beginning at the intersection of an alley 12 feet wide separating the property sold from property of R. L. McComas and running northward along the east side of the alley 210 feet, thence eastward, parallel with Marshall Street, 105 feet, thence southward, parallel with the east side of the alley to the north side of Marshall Street, and thence westward, along the north side of Marshall Street, to the alley, the point of beginning; and that through mutual error of himself and the defendant and inadvertence on the part of the draftsman of the act of sale the property was described in the act as—

"Beginning at the southwest corner of J. A. White place in the city of Minden, Louisiana, which point is located at the intersection of Marshall street and an alley 12 feet wide between the property herein conveyed and the property owned at this time by R. L. McComas; from this point run northerly, parallel with alley, 310 feet; thence easterly, at right angles 155 feet; thence southerly, parallel to the first line, 310 feet to Marshall street; thence westerly, along Marshall street, 155 feet, to point of beginning. Containing one-half acre, more or less."

The defendant denied that there was any error in the description and alleged that it exactly described what he intended to buy and plaintiff to sell.

On these issues the case was tried and there was judgment rejecting plaintiff's demand and he appealed.

### OPINION.

Plaintiff testified positively that it was his intention to sell and defendant's to buy a half acre of ground of the dimensions and located as described in his petition.

Defendant, on the other hand, testified equally as positively that what he intended to buy and plaintiff to sell was a strip of ground having a front of 155 feet on the north side of Marshall Street with a depth of 310 feet between parallel lines and with its western boundary coincident with the east side of an alley separating the property bought from property owned by one R. L. McComas.

The burden of proof was on the plaintiff to prove the error alleged, and his testimony being set off by that of the defendant and not corroborated by the testimony of any other witness or by the circumstances he has failed to discharge that burden.

Plaintiff urges in support of his testimony that after the sale a fence was built between the land he had intended to sell defendant and the remainder of his property, and says that it was erected as a division fence.

As to this fence defendant testified that it was not intended as a division fence but a temporary one and was erected to keep plaintiff's chickens out of defendant's yard.

The evidence conclusively shows that the fence was distant between 185 and 186 feet north of the north side of Marshall Street, and therefore it had no corroborative value. To have such value it would have had to have been on an east and west line 210 feet north of the north side of Marshall Street.

A. J. Watts and S. P. Halburton were permitted to testify to certain facts over plaintiff's objection. Their testimony was strongly corroborative of defendant's that the deed correctly described what he intended to buy and plaintiff to sell. It is

not necessary for us to consider whether their testimony was admissible or not, as we are of the opinion that plaintiff failed to make out his case. The character of plaintiff's intelligence as disclosed by the testimony does not make it probable that he could have erred as he says he did.

The trial judge, who saw and heard the witnesses testify, gave effect to defendant's contention. It was purely an issue of fact. We find no error in his conclusion, and the judgment appealed from is therefore affirmed.