## COUSSONS v. SMYTHE.

### No. 5535.

Court of Appeal of Louisiana. Second Circuit.

Oct. 29, 1937.

Rehearing Denied Dec. 3, 1937.

Writ of Certiorari and Review Denied Jan. 10, 1938.

A. S. Drew, of Minden, for appellant.

R. D. Watkins, of Minden, for appellee.

HAMITER, Judge.

The reformation of a deed dated April 24, 1935, is sought in this case. The attacked instrument recited a conveyance by defendant, Smythe, to plaintiff, Coussons, of the following described property, to wit: "All that part of tract of land East of old Minden-Sparta Road in the Northwest Quarter (NW¼) of Southeast Quarter (SE¼) of Section 5, Township 17 North, Range 9 - West, Webster Parish, Louisiana, which has not been previously deeded to C. S. Coussons, containing 33 acres more or less, with improvements thereon."

The consideration expressed in the act is, "$50.00 cash in hand paid, the receipt of which is hereby acknowledged, and the assumption by the vendee herein to pay the amount and sum of $600.00, which amount is figured to be due on the property herein transferred under mortgage note in favor of the Federal Land Bank of New Orleans. * * * "

In his petition, plaintiff alleges that the description given in the conveyance instrument is erroneous, and that the property intended by both parties to be transferred is described as:

"Beginning at the Northwest corner of the SE¼ of the SE¼ of Section 5, Township 17 N. Range 8 West, Webster Parish, Louisiana, and run South to the branch; thence run 36 yards down the branch; thence run East to the Minden and Sparta Public Road; thence run along said road in a Northerly direction to the North line of the SE¼ of the SE¼ of Section 5; thence run West to the point of beginning, containing 13 acres, more or less, Webster Parish, Louisiana.

"Also a tract of land described as beginning at the Southwest corner of the NE¼ of the SW¼ of Section 5, Township 17 N. Range 8 West, Webster Parish, Louisiana, and thence run South 89 degrees Seven minutes East 2640 feet to the Southeast corner the NW¼ of the SE¼; thence run North 382 feet, more or less to the Minden & Sparta Public Road; thence run North 33 degrees 30 minutes West with said road 531 feet; thence run South 75 degrees and 30 minutes West 2443 feet to West line of NE¼ of SW¼ of said Section 5; thence run South 206 feet to the point of beginning containing 27-¼ acres, more or less and situated in Webster Parish, Louisiana, with improvements thereon."

Plaintiff prays that the deed be corrected and reformed so as to include and convey the last above-described property.

Defendant answered, generally denying the allegations of the petition, and affirmatively averring that the property intended to be conveyed by the parties was correctly and fully described in the deed, with the exception that it lies in range 8 instead of in range 9, as recited. He further avers that plaintiff has failed to pay the Federal Land Bank mortgage of $600, as agreed, and that the consideration for the transfer has failed. Rejection of plaintiff's demands, and, in reconvention, cancellation of the deed, together with attorney's fees in the amount of $200, are asked by him.

The case was tried on its merits, and there was judgment in plaintiff's favor as prayed for. Defendant appealed. No reference has been made in this court by defendant regarding his charge of failure of consideration in connection with the sale, and we shall treat that as having been abandoned.

It might first be observed that during the course of the trial, defendant offered, and was permitted, to amend his answer setting forth that the land intended to be conveyed by the deed is in the northeast ¼ of the southwest ¼ of section 5, rather

than in the northwest ¼ of the southeast ¼ of said section as recited in said answer and deed.

Of the documentary evidence in the record, there is an instrument executed by defendant Smythe in favor of one W. M. McBride under date of February 24, 1932, reciting that,

"For and in the consideration of Eighty-one and no/100 ($81.00) dollars, receipt of same being hereby acknowledged, I have this day leased to W. M. McBride, of Minden, Louisiana, all the land now owned by me lying South of division fence between C. S. Coussons property and C. G. Smythe property in Northeast Quarter (NE¼) of Southwest Quarter (SW¼) and Northwest Quarter (NW¼) of Southeast Quarter (SE¼), Section Five (5), Township Seventeen (17) North, Range Eight (8) West, Webster Parish, Louisiana, containing 41-¼ acres, more or less, for the purpose of crop production in the year 1932."

The instrument also states that, "The above Eighty-one Dollars to apply on purchase price of One Hundred & fifty Dollars and farm loan mortgage when satisfactory title is given. If not to apply on lease."

We also find a written agreement dated September 14, 1932, executed by said Smythe and McBride, under which the former agreed to sell to the latter the following property:

"All that land owned at the present time by C. G. Smythe, lying south of division line, and bound on the North by the place owned by C. S. Coussons, known as part of the W. F. Culpepper tract of land, containing 37 acres, more or less, and situated near the village of Dubberly, Louisiana."

This agreement further provides that Smythe agrees to execute and deliver to McBride "a warranty deed for the said land, five (5) years from the date of this contract for the sale of land, provided that the said party of the first part can give a clear title to said land to party of the second part, free from any judicial mortgages on record at the time this agreement for the sale of land is executed, i. e., the 14th day of September, 1932," and that McBride "shall pay all taxes due on said lands up to and including the 5th year of this contract, and shall pay all installments due the Federal Land Bank of New Orleans, who has a first mortgage on said property, up to and including said 5th year of this contract."

Another relevant instrument in the record is one dated March 12, 1935, by which the said McBride transferred and assigned to plaintiff herein all rights and privileges acquired under his contract of September 14, 1932, with C. G. Smythe, affecting the following property, to wit:

"All that part east of old Minden-Sparta Road in the Northwest Quarter (NW¼) of the Southeast Quarter (SE¼) of Section 5, Township 17 North, Range 9 West, Webster Parish, Louisiana, which has not been previously deeded to C. S. Coussons containing 33 acres more or less."

According to plaintiff's testimony, the land intended by the parties to be transferred under the deed was that which defendant contracted to sell to McBride, and which was covered by McBride's assignment to him, the plaintiff. He was of the belief that the tract contained 40⅓ acres, and that part of it fronted on the old Minden-Sparta road. His further testimony is that no one was present except defendant and himself when the sale transaction was agreed on.

Defendant testified that it was his intention to sell only the land which he owned in "the west forty-acre tract," or in the northeast ¼ of the southwest ¼ of section 5, and that this consisted of about 17 acres. In this connection, it might be stated that a plotting of the description sought to be substituted by plaintiff for that found in the executed deed reveals that the land there described lies in three different quarter-quarter sections, or, as commonly referred to, in three separate forties. It is also defendant's testimony that the entire acreage owned by him in the locality was about 52 or 53 acres, and that he did not propose to dispose of all or a greater part of it. He further testified that no portion of the land intended to be conveyed fronted on the above-mentioned road; that nothing was said by him or plaintiff about the land involved in their transaction being the same contracted for by McBride; and that when the agreement was consummated, one E. G. Killgore was present.

Testimony was given by the said Killgore, a defense witness, to the effect that he heard the conversation between plaintiff and defendant regarding the transaction, and both parties thoroughly under-

stood the sale to cover land in only the west 40.

A witness for plaintiff was McBride, the prospective purchaser under the above-described contract of sale. It was his testimony that he conveyed under the assignment to plaintiff the interest and rights that he acquired under the agreement with defendant, which covered a total of 35 acres of land located in a particular 40, and that he furnished the descriptions employed in the attacked deed and in the assignment.

It is the law of this state that in a suit seeking the reformation of a deed the presumption is in favor of the correctness of the description therein contained, and that the burden of proving it to be erroneous is with the litigant charging it. Further, for a judicial decree to issue changing the description found in the instrument, the evidence favoring such change must be clear and convincing. Nelson, Curtis & Nelson v. Bridgeman et al., 152 La. 190, 92 So. 855.

In our opinion, the trial judge, in ordering a reformation of the deed involved in this suit, has not correctly applied these principles of law to the evidence revealed by the record. The testimony and documentary proof offered in plaintiff's behalf do not support his allegations in favor of the proposed change with that degree of certainty and with the probative force required in suits of this nature. This statement is particularly true in view of the testimony of his witness McBride to the effect that the land intended to be conveyed by defendant was situated in a particular 40, whereas the proposed description places it in three different forties. The burden imposed on plaintiff has not been discharged.

Although we hold that plaintiff should not succeed in this cause, we shall not dismiss his suit under the kind of judgment that would constitute res judicata in a subsequent proceeding. The deed as written describes land not even owned by defendant. At the time of the instrument's execution, the only land owned by him was west of the old Minden-Sparta road, whereas such instrument speaks of property east of that passageway. Then, too, through defendant's amendment to his answer and through his own testimony, he asserted his intention of conveying property in the northeast ¼ of the southwest ¼ of section 5, instead of in the northwest ¼ of the southeast ¼ of that section, as is written in the deed. And, admittedly, the instrument contains the incorrect range number.

By reason of the fallacies of the deed just pointed out and as the proof in the record is insufficient for us to correctly determine the exact tract of land which the parties intended to transfer, we have decided that the ends of justice will be best subserved by placing both litigants in status quo. These circumstances also prompt our holding that the costs of this proceeding should be borne by them in equal portions. Authority for imposing costs in this manner is found in Act No. 229 of 1910.

Accordingly, the judgment of the trial court is annulled, reversed, and set aside, and there is now judgment dismissing plaintiff's suit as of nonsuit. The costs of both courts shall be paid by both litigants in the proportion of one-half by each.

DREW, J., recused.