**88 So.2d 649**

**SOUTHWEST GAS PRODUCING COM-
PANY, Inc., et al.**

**v.**

**HATTIE BROTHERS et al.**

**No. 41563.**

May 7, 1956.

Rehearing Denied June 11, 1956.

Dhu and Lea S. Thompson, Monroe, for defendants-appellants.

Charles E. Barham, Ruston, for defendant-appellee.

Shotwell & Brown, Monroe, for plaintiffs-appellees.

SIMON, Justice.

As lessees by mesne assignments of a mineral lease dated April 26, 1944, charged with the obligation to make proper payment of royalties, plaintiffs instituted this concursus proceeding [1] against defendants-appellants,[2] defendants-appellees [3] and others [4] for a judicial determination of the ownership and the extent to which defendants are entitled to participation in the

1. LSA–R.S. 13:4811–4817, inclusive.
2. Floye Boulware Savage, Loye Boulware Love, Jimmie Boulware Waller, Billie Boulware Manasian, Dewey C. Brothers, Andrew B. Brothers, Wylie A. (W.A.) Brothers, Cassyle Brothers Ringo, J. Floyd Brothers, Janie Brothers Reardon.
3. Robert L. Fuller and Harold L. Woods.
4. Hattie Brothers, Fay Brothers Hurley, Sannie Sue Brothers Harper, Clementine (Tine) L. Brothers, Lola Kendall Brothers, Martha Joe Brothers Carver, Benton Brothers, James K. Brothers, F. M. Brothers, Lorna Brothers Revels, Thelma Brothers Turner, Johnnie B. Barham, C. L. Brothers, Howard L. Brothers, Archie G. Brothers, Carl J. Brothers. The rights of these defendants are not at issue on this appeal.

royalties from the production allocated to two tracts of land in Section 11, Township 19 North, Range 2 West, Lincoln Parish, Louisiana. Plaintiffs deposited in the registry of the court all accrued royalties involved in this cause and have continued to make additional similar deposits of royalties as they accrue.

The record discloses that, subsequent to the execution of the mineral lease referred to above, appellants, who were parties thereto, made sales of their mineral interests with respect to the lands included in said lease. Because of alleged ambiguities as to the description of the property and as to the extent of the mineral interest actually conveyed by said deeds, disputes arose between the parties thereto. Appellants did not agree with the computation of their interest as set out in certain division orders, showing them to be without rights or interest therein, and refused to sign the said division orders prepared by plaintiff and submitted for execution by all parties herein originally named as defendants. Hence this concursus proceeding.

Upon trial on the merits the district court rendered judgment in accord with the interpretation of the said mineral deeds and with the computation set forth by plaintiffs in said division orders; and those defendants whose claims were not sustained by the trial court now prosecute this appeal.

It appears that under date of April 26, 1944, appellants, with the other descendants of their ancestors, Andrew M. and Martha Jane Gill Brothers, executed an oil, gas and mineral lease in favor of S. L. Cole covering in part the following property: (1) S½ of the SE¼ of SW¼ of Section 11, Township 19 North, Range 2 West, containing 20 acres, and which shall be hereinafter referred to as "Tract A"; and (2) that part of the W½ of the SE¼, lying North and West of a certain branch of Section 11, Township 19 North, Range 2 West, containing 50 acres and which shall be hereinafter referred to as "Tract B".

By act dated May 16, 1944, S. L. Cole assigned the said mineral lease to Magnolia Petroleum Company, who in turn, by act dated March 18, 1952, assigned said mineral lease to the plaintiffs herein, with certain royalty reservations. Plaintiffs' rights as leaseholders are undisputed and recognized by all parties.

By Order No. 206–A, dated June 7, 1951, and Order No. 206–A–1, dated March 12, 1952, the Department of Conservation of the State of Louisiana designated Section 11, Township 19 North, Range 2 West, in its entirety as a unit for development and production of gas from the Vaughn and Feazel Sands underlying said section.

Thereafter, in accord with the terms of their leases, plaintiff and others holding leasehold mineral rights covering lands located in Section 11 executed and recorded a Declaration of Pooling and Unitization, pooling and unitizing all lands included in Section 11, such unit being designated the

"Gibson No. 1 Unit, Vaughn Sand Units, Unionville Field, Lincoln Parish, Louisiana". This unit embraces 640 acres and includes the property hereinabove referred to as "Tract A" and "Tract B". Therefore, $\frac{290}{640}$ of the total production from the well located on the Gibson No. 1 Unit is allocable to the land included in Tract A, and $\frac{50}{640}$ is allocable to the land included in Tract B.

There is no contest over the royalties allocable to Tract A. The contest in this suit is confined to the royalties allocable to Tract B, appellee Robert L. Fuller, whose claim is disputed by appellants, asserting title to the disputed ½ of the royalties credited to Tract B.

The record discloses that W. C. Brothers, whose heirs are appellants herein, was at the time of his death the owner of an undivided ½ interest in Tract B. A. M. Brothers and two of his sons, W. C. Brothers and L. L. Brothers, acquired the entire W½ of SE¼ of Section 11, Township 19 North, Range 2 West, under sheriff's deed dated April 30, 1888. On April 20, 1889, A. M. Brothers and his said two sons entered into a partition whereby A. M. Brothers and W. C. Brothers acquired Tract B. There is no record of any deed wherein the said interest of W. C. Brothers in Tract B was transferred to A. M. Brothers. Nevertheless, Tract B is referred to and was publicly known as the A. M. Brothers Estate and assessed on the tax rolls as such.

On various dates during October and November of 1951, each of the appellants executed mineral deeds in favor of Frank Trussell, who on December 17, 1951 transferred the rights so acquired to Robert L. Fuller. Each of the said deeds from appellants states that:

"* * * he does by these presents grant, bargain, sell, convey and deliver, with full guarantee of title and with complete transfer and subrogation of all rights and actions of warranty against former proprietors of the property herein conveyed unto Frank Trussell, husband of Ivy Nobles, resident of Lincoln Parish, Louisiana, and assigns, the following described property to-wit:

"*All of his right, title and interest* in and to the oil, gas and other minerals, in and under and that may be produced from the following described lands situated in the Parish of Lincoln, Louisiana:

"E½ of NW¼ and N½ of SW¼ of NW¼, Sec. 14, Twp. 19 N. R. 2 West, 100 acres more or less (Book LL, pg. 29 and E pg. 44), and *all that portion of W½ of SE¼, Sec. 11, Twp. 19 N. R. 2 W., north and west of a certain branch, containing 50 acres,* more or less (Book I, pg. 160), S½ of SE¼ of SW¼, Sec. 11, Twp. 19 N. R. 2 West, 20 acres more or less and W½ of NW¼ of NE¼ and all that part of the SW¼ of the NE¼ lying north of the Vienna and Farmerville Road, Sec. 14, Twp. 19 N. R. 2 West (Book LL, pg. 29, E

pg. 44 and I pg. 160) containing in the aggregate 197 acres.

It being the intention of the vendor to sell all of his interest in and to the minerals in and under the lands belonging to the estate of Andrew M. Brothers and Martha Jane Brothers, in Sections 11 and 14, Twp. 19 North, Range 2 West." (Italics ours.)

Appellee Robert L. Fuller contends that by these deeds appellants conveyed all of their right, title and interest in the minerals from the lands specifically described therein, including Tract B which is specifically described therein.

On the other hand, appellants contend that they conveyed all of their interest in the specifically described land, except the undivided ½ interest which they owned in Tract B by virtue of inheritance from their father, W. C. Brothers; that they signed these mineral deeds as prepared and presented to them by the purchaser on the strength of the declaration contained therein and thereby intended to sell only their mineral interest in and under the lands belonging to the estate of Andrew M. Brothers and Martha Jane Brothers, their grandparents; and that it was never their intention to sell their mineral interest in the undivided ½ interest of Tract B inherited from their father, W. C. Brothers. Accordingly, they pray that they be recognized as owners of said undivided ½ interest, subject to the oil and gas lease thereon, and as such, entitled to ½ of $^{50}\!/_{640}$ of all the royalties accrued or that may accrue from production within the Gibson No. 1 Unit, in proportion to their respective heritable interests.

Alternatively, they contend that should these said mineral deeds be construed by the court to cover the undivided ½ interest in Tract B acquired by them as heirs of W. C. Brothers, then said mineral deeds should be reformed and corrected so as to be limited to and cover only the undivided ½ mineral interest acquired by them from the estate of A. M. Brothers. They contend that the deeds by which Frank Trussell acquired their undivided ½ mineral interest inherited by them from W. C. Brothers were fraudulent, erroneous and in bad faith, and that said deeds having been prepared and presented to them by said purchaser or under his direction, the declarations therein contained should be construed against him.

On the other hand, appellees deny the allegation of fraud, error and bad faith and contend that if the said deeds contained any ambiguous description, the ambiguity should be construed against them as sellers, relying on LSA–Civil Code Article 2474.[5]

Thus, the primary and the alternative contentions of appellants which find their

---

5. C.C. Art. 2474: "The seller is bound to explain himself clearly respecting the extent of his obligations: any obscure or ambiguous clause is construed against him."

source in the intention of the parties prevailing at the time of the execution of the mineral deeds in question presents purely a factual situation, whether or not appellants sold to Frank Trussell, assignor of appellee Robert L. Fuller, the undivided ½ mineral interest in the 50-acre tract known as Tract B, acquired by them as heirs of W. C. Brothers.

In the hearing below, appellants testified that by the execution of these mineral deeds they intended to and did sell only those mineral rights in Tract B which were inherited by them from their grandparents, Martha Jane and A. M. Brothers; that they did not intend to nor did they sell their mineral rights in Tract B that were inherited by them from their deceased father, W. C. Brothers. They further testified that at the time of the mineral sales they were completely unaware of any interest in Tract B belonging to their deceased father, W. C. Brothers, they having learned of their father's ownership therein only after the mineral sales had been executed—more specifically, upon presentation to them for execution of the division orders or royalty interest.

In their testimony they concede and admit that at no time prior to the execution of the deeds to Trussell were they conscious of the fact that their deceased father, W. C. Brothers, had any vested right of ownership in Tract B, but in fact believed that all of the land herein involved comprised the estate of A. M. Brothers. It is shown that

Tract B, including other lands in Sections 11 and 14, owned by their grandfather, A. M. Brothers, was carried on the assessment rolls for state and parish taxes in the name of Estate of A. M. Brothers. Following the death of A. M. Brothers, certain mineral leases were granted on the lands, including Tract B, in the name of Estate of A. M. Brothers as lessor; and the bonus rentals obtained thereby were proportionately divided among the children and grandchildren of A. M. Brothers. In none of the commercial transactions involving Tract B was W. C. Brothers ever considered or referred to as the owner of an undivided ½ interest therein. On the contrary, all of the heirs, including appellants themselves, as well as the general public, dealt with this property in dispute as property forming part of the estate of A. M. Brothers.

Frank Trussell testified that by these mineral deeds entered into with appellants it was at all times his desire and intent to acquire whatever mineral interest they owned in Section 11 and Section 14. He further testifies that during conversations leading up to the execution of these mineral deeds, appellants mentioned certain properties which were not to be included in the mineral deeds, which property so excepted was located in Section 36 and known as the W. C. Brothers estate or homestead. His testimony in this respect is corroborated and confirmed by the testimony of the appellants, who frankly admit that at the time of the execution of these mineral

deeds the only property known to them as forming the W. C. Brothers estate to which they had any right of inheritance was their father's homestead located in Section 36 and to which no reference is made in said deeds.

▮ Appellants cannot be heard to say that they did not intend to sell the herein disputed undivided ½ mineral interest in Tract B, for the obvious reason that at the time of the sales they were completely unaware of the undivided ½ interest therein of their deceased father but believed their grandparents owned the whole of said tract.

In each deed the respective appellants conveyed *"all of his interest* in and to the oil, gas and other minerals" that may be produced from, besides other properties, Tract B. Albeit, hindsight cannot be now urged to recant or impugn their intentions made evident by the clear and unambiguous declarations in said deeds.

▮ We find no ambiguity in the description of the property conveyed in the mineral deeds which clearly and specifically describe the tract of land herein involved. Furthermore each of these deeds clearly and unequivocally recites that the vendor therein does grant, bargain, sell, convey and deliver all of his right, title and interest in and to the oil, gas and other minerals, in and under that may be produced from the land described in said deed, including and specifically naming Tract B.

▮ The trial court correctly rendered judgment rejecting the demands of appellants to be recognized as owners of an interest in the minerals on, in and under Tract B, thereby concluding that by the mineral deeds executed in favor of Frank Trussell appellants sold all their rights, interests and titles to minerals in, on and under Tract B. We find no manifest error in that conclusion. Being convinced of the correctness of the findings of fact resolved by the district judge, we adhere to the well-stabilized jurisprudence of this court that the conclusions reached by him, and his judgment on the facts, should not be disturbed unless manifestly erroneous. Nalty v. Nalty, 222 La. 911, 64 So.2d 216; Rosenthal v. Gauthier, 224 La. 341, 69 So. 2d 367; Olivier v. Abunza, 226 La. 456, 76 So.2d 528; McMahon v. Manufacturers Casualty Insurance Co., 227 La. 777, 80 So.2d 405; Sunseri v. Westbank Motors, 228 La. 370, 82 So.2d 43.

We now move to the alternative plea of appellants that the royalty deeds should be reformed so as to conform to the alleged intention of the vendors. By their alternative demand they would have us reform the deeds so as to reflect their intention to except the undivided ½ interest in Tract B, originally owned by their father, W. C. Brothers.

▮ The deeds should be construed as a whole in order to arrive at the intent of the parties. This rule is laid down by LSA–Civil Code Article 1955, which pro-

vides that "All clauses of agreements are interpreted the one by the other, giving to each the sense that results from the entire act." Bremer v. Lane, 185 La. 543, 169 So. 568; Gibson v. Zylks, 186 La. 1043, 173 So. 757; Reynaud v. Bullock, 195 La. 86, 196 So. 29.

We feel as the trial judge manifestly felt, that the deeds contained statements and descriptions to validly transfer all of the rights, titles and interest of the appellants in the specifically described property designated herein as Tract B.

Appellants urge this court to consider the facts that they lived at a distance from the location of the property and are inexperienced in description of and trading in mineral property and rights, whereas the purchasers and their attorneys are experienced in these matters and were obliged in preparing these deeds to make clear what they intended to buy. These allegations and the evidence contained in the record are insufficient to overcome the positive language of the deeds herein or to sustain appellants' contention that the instruments do not reflect the true intention of the parties thereto. In order to give them the relief prayed for by reforming the deeds herein involved so as to except the minerals heretofore owned by W. C. Brothers, deceased, evidence must be clear and convincing that it was the intention of the parties that their rights as heirs of W. C. Brothers in, on and under Tract B were not included in the sale. We conclude that appellants have not borne the burden of proving their alternative demand.

In the case of Reynaud v. Bullock, supra [195 La. 86, 196 So. 34] we held:

"It is an established rule of law in our jurisprudence that 'Either party is always permitted, in a suit between the parties to a contract, to correct any error in the instrument purporting to evidence the contract, so as to make it express truly and correctly the intention of the parties,' (State v. Standard Oil Co. of Louisiana, 164 La. 334, 354, 113 So. 867, the cases therein cited, and Fair v. Williams, 187 La. 953, 175 So. 631) provided the rights of third parties have not intervened. Sentell v. Randolph, 52 La.Ann. 52, 26 So. 797; Adams v. Drews, 110 La. 456, 34 So. 602; Bender v. Chew, 129 La. 849, 56 So. 1023; Frantom v. Nelson, 142 La. 850, 77 So. 767; Giovanovich v. Breda's Widow and Heirs, 149 La. 402, 89 So. 251; Waller v. Colvin, 151 La. 765, 92 So. 328; 12 American Jurisprudence 631, Section 138; Williston on Contracts, Revised Edition, Volume 5, Section 1585, page 4423; 23 Ruling Case Law 333, Sections 25 and 27; 53 Corpus Juris 908, 935, 936, and 962. The error or mistake must be mutual. Hello World Broadcasting Corporation v. International Broadcasting Corporation, 186 La. 589, 173 So. 115; Crowell & Spencer Lumber Co. v. Hawkins, 189 La. 18, 179 So. 21; Topps v. North British & Mercantile Ins. Co., La. App., 148 So. 470; 13 Corpus Juris 373,

Section 254; 13 Corpus Juris 520, Section 481; 53 Corpus Juris 941, Sections 59 and 60; 23 Ruling Case Law 327, Section 20; 12 American Jurisprudence 624, 625, Section 133; and Article 1826, Revised Civil Code. The burden is on the one seeking the reformation to prove the error (Metcalfe v. Green, 140 La. 950, 74 So. 261; White v. Myane, 10 La.App. 195, 120 So. 650; Crais v. Castaing, 13 La.App. 395, 128 So. 300; Coussons v. Smythe, La.App., 178 So. 657), and he must carry the burden by clear, and the strongest possible, proof. Palangue v. Guesnon, 15 La. 311; Dickson v. Dickson, 36 La.Ann. 870; Ker v. Evershed, 41 La.Ann. 15, 6 So. 566; Bryan v. Wisner, 44 La.Ann. 832, 11 So. 290; Gladdish v. Godchaux, 46 La.Ann. 1571, 16 So. 451; Chaffe v. Minden Lumber Co., 118 La. 753, 43 So. 397; Waller v. Colvin, 151 La. 765, 92 So. 328; and Nelson, Curtis & Nelson v. Bridgeman, 152 La. 190, 92 So. 855.

"It was held in the case of Nelson, Curtis & Nelson v. Bridgeman, 152 La. 190, 92 So. 855, 860, that: '* * * a strong presumption obtains that the deed, as executed, properly describes and conveys all of the land intended to be conveyed. * * * the evidence [of an omission or error] * * * must be clear and convincing * * *.' (Brackets ours.)"

Accordingly, for the reasons assigned, the judgment of the district court is affirmed.