**PAN AMERICAN PETROLEUM COR-PORATION, Plaintiff,**

v.

**Paul KESSLER, Elaine Kessler Schudmak, Sam Kessler, Jr., Marion Kessler, Carolyn Sternfels Rousseau, Lillian Kessler, Katherine Sternfels Louque, Emile Sternfels, Jr., Defendants.**

**Civ. A. No. 11329, Division D.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Nov. 19, 1963.

Cobb & Wright, Lloyd J. Cobb, Morris Wright, R. Cornelius Smith, New Orleans, La., for plaintiff.

Triche & Sternfels, Risley C. Triche, Emile R. Sternfels, Napoleonville, La., for defendants.

AINSWORTH, District Judge.

This case was submitted on the agreed statement of facts contained in our pre-trial order.

On November 10, 1955, defendants granted an oil, gas and mineral lease on certain property in Assumption Parish, Louisiana, consisting of Tract No. 1 of 26.66 acres, Tract No. 2 of 17 acres, and Tract No. 3 of 33 acres. Stanolind Oil and Gas Company, a predecessor corporation of plaintiff, acquired the lease on November 15, 1955. By instrument dated February 7, 1957, Tract No. 1 of 26.66 acres was released by plaintiff to defendants.

On April 26, 1961, lessors (defendants herein) demanded that plaintiff cancel the lease of Tract No. 3 of 33 acres for failure to produce thereon. Thereafter plaintiff delivered to defendants a release dated May 8, 1961, intending to comply with defendants' request for a release of Tract No. 3 of 33 acres, it being the intention of plaintiff to retain the lease on the 17-acre tract originally described as Tract No. 2 in said lease, which property was now productive of oil and gas. Through error, the release delivered by plaintiff to defendants released Tract No. 2 of 17 acres on which production was then being realized in substantial quantities and purported to retain Tract No. 1 of 26.66 acres which had already been released by the document dated February 7, 1957. The release was placed of record on May 9, 1961 and the error later discovered by plaintiff who, on July 18, 1961, executed a corrected partial release which defendants admit carries into effect the intention of the parties which was that Tract No. 3 of 33 acres should be released to defendants and Tract No. 2 of 17 acres on which production was being obtained should be retained.

Defendants admit no damage or prejudice has resulted from the erroneous release.

It is clear, therefore, that plaintiff had no intention of releasing its mineral lease as to the productive Tract No. 2 of 17 acres. Defendants did not even request such a release, knowing that they were not entitled to it, where production was being obtained in paying quantities. Tract No. 2 of 17 acres was, therefore, released in error. Defendants have suffered no damage as a result.

What defendants requested from plaintiff was a release of Tract No. 3 of 33 acres which was nonproductive. Tract No. 1 of 26.66 acres no longer played any part in negotiations between the parties, having been removed from consideration by the release of February 7, 1957. The document filed by plaintiff on July 18, 1961, which was a corrected partial release, therefore accurately reflected the intention of the parties.

Plaintiff, therefore, seeks cancellation of the erroneous release filed of record on May 9, 1961; or, in the alternative, that the erroneous release be reformed and corrected; or, in the further alternative, that defendants be required to acknowledge that the mineral lease is and continues to be in full force and effect as to the producing Tract No. 2 of 17 acres. Defendants aver that the error or mistake was not theirs but plaintiff's; that any error or mistake was unilateral on the part of plaintiff; and that under the lease provisions they had agreed to receive any release as to any portion of the lease which lessee might execute and deliver; accordingly, that plaintiff is entitled to no relief. They counterclaim for attorney's fees in the sum of $10,000 under Louisiana R.S. 30:102 for defending against plaintiff's claims, and, alternatively, should cancellation of the original erroneous release be granted, they counterclaim for release as to the 33-acre tract (Tract No. 3) and for $10,000 attorney's fees under the same statute for prosecuting the counterclaim.

■■ In Louisiana, where, because of error or mistake, a written instrument does not express the true contract of the parties, the error may be corrected by reformation of the instrument. Agurs v. Holt, 232 La. 1026, 95 So.2d 644 (1957); Moody v. Singleton, La.App., 2 Cir., 1959, 113 So.2d 472. It is an established rule of law that either party

shall be permitted to correct any error in an instrument purporting to evidence a contract between the parties so as to make it truly and correctly express the intention of the parties. Southwest Gas Producing Co. v. Hattie Brothers, 230 La. 339, 88 So.2d 649 (1956).

■ But defendants contend that the error was unilateral and, therefore, reformation is inapplicable under the circumstances. We do not agree with this contention because we believe the error was mutual. Defendants requested a release of the 33-acre tract but through inadvertence they obtained a release of the 17-acre tract which they clearly were not entitled to and which there is no doubt plaintiff did not intend to give them. The instrument defendants delivered to plaintiff did not correctly reflect the intention of the parties. Under the circumstances, it is our belief that reformation of the instrument is the proper remedy. It is, therefore, our holding that the erroneous release filed of record May 9, 1961 as to Tract 2, the 17-acre tract, be cancelled; the corrected release dated July 18, 1961 filed for record on July 25, 1961, which truly reflects the intention of the parties, shall stand in lieu of the original erroneous release. The proper application of principles of equity could produce no other result.

[4] Defendants claim attorney's fees under Louisiana R.S. 30:102. The statute provides for payment of reasonable attorney's fees should a lessee on whom demand for cancellation of a mineral lease has been made fail or refuse to do so. The facts here would not justify such a finding. Plaintiff promptly acceded to defendants' request for a release of the unproductive acreage but through inadvertence and error the property was incorrectly described until a corrected partial release dated July 18, 1961 was recorded. The statute is, therefore, inapplicable to the circumstances of this case.

No other citation of authority has been given us for the assessing of attorney's fees for defending this suit or prosecuting the counterclaim; nor do we believe the facts here would justify such a conclusion. The claim for attorney's fees is, therefore, denied.

Judgment will be entered accordingly.