**FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF COFFEYVILLE, Appellant,**

v.

**Robert V. HUTCHINSON and Alta A. Hutchinson, Appellees.**

**No. 50502.**

Court of Appeals of Oklahoma, Division No. 1.

Nov. 7, 1978.

Released for Publication by Order of Court of Appeals Nov. 30, 1978.

Allan H. Stocker, Bartlesville, for appellant.

Stephen B. Riley, Bartlesville, for appellees.

BOX, Presiding Judge:

An appeal by First Federal Savings & Loan Association of Coffeyville from the denial of the trial court to reform a note and mortgage of Robert V. and Alta A. Hutchinson, defendants.

Plaintiff filed its petition alleging the execution of the note and mortgage in September of 1968, the delinquency by the defendants, the agreement to refinance the obligation upon payment of all accrued interest and the mutual mistake or mistake on the part of plaintiff and inequitable conduct on the part of defendants resulting in the omission of collecting over $8,000 in interest when the obligation was refinanced. Plaintiff further alleged the execution of the note and mortgage in 1972, the failure to pay the obligation on the part of the defendants and prayed that plaintiff recover judgment for $26,690 principal and $11,096.99 interest, totaling $37,786.99, together with interest from October 20, 1975, attorney's fees and costs. Plaintiff further prayed that the mortgage be foreclosed and the property sold to satisfy the judgment.

The defendants in their answer admitted the execution of the notes and mortgages, denied other allegations of the petition and alleged that the first loan was refinanced and shown paid in full by plaintiff. They further alleged the tender of the entire sum due on the 1972 note and refusal of plaintiff to accept the amount tendered. Defendants again in their answer, tendered the $27,176.68. Defendants filed a cross-petition requesting penalties as provided in 46 O.S. 1971, § 15 and damages for losses alleged to have been incurred by reason of failure of plaintiff to release the mortgage.

After trial to the court, the court made Findings of Fact and Conclusions of Law, and by Journal Entry of Judgment the court refused to reform the note and mortgage; further finding that the amount tendered by defendants, to-wit, $27,176.68, to be the total amount owed by defendants, and that upon payment of said sum, the note and mortgage be cancelled. The court further denied defendants' relief requested in their cross-petition.

From the overruling of plaintiff's Motion for a New Trial, this appeal.

Plaintiff contends that,

1. The Plaintiff is entitled to equitable relief to reform a note and mortgage to speak the true amount of the debt being refinanced when, through a mutual mistake, two (2) years' interest due was omitted in calculating the debt.

2. The Plaintiff may obtain equitable relief to set aside the cancellation of a promissory note and mortgage release and collect the unpaid interest thereon

despite marking the note "paid" when the debt was refinanced when by inadvertence or mistake the amount of the obligation was miscalculated.

3. Interest on an indebtedness does not cease when the debtor tenders an amount less than the amount of the obligation owed and conditions the tender upon the creditor accepting the tender in full payment of the obligation.

4. In an equitable action, the Appellate Court will weigh the evidence and, if the decision of the trial court is clearly against the weight of the evidence or contrary to law, it will reverse the trial court.

Defendants contend that the evidence sustains the trial court, and in an equitable matter an appellate court will not reverse the trial court unless the decision is clearly against the weight of the evidence or contrary to law.

Both sides have ably briefed this Court on the questions involved, and from a review of the evidence and exhibits, the appellant's chronology of facts appears accurate and correct, to-wit:

(1) September 14, 1968—$65,000.00 development loan made to defendant. Due September 14, 1971. Interest 7.25%. Interest due semi-annually on March 14 and September 14 of each year. Partial releases to be given to individual lots upon an agreed payment.

(2) October 3, 1969—All loan proceeds disbursed; interest paid through October 13, 1969.

(3) March 14, 1970—Defendants default on interest payment due and on all payments due thereafter.

(4) August 1971—Defendants advised note matures September 14, 1971 at which time $62,690.00 principal and $8,556.50 interest is due. Also advised interest will accelerate to 10% after maturity.

(5) August 1972—Defendant advised entire principal of $55,130.00 plus 7.25% interest to September 14, 1971, plus 10% thereafter totaling $5,370.37 must be paid.

(6) September—October 1972—Note refinanced. Defendant pays $5,370.37 interest. (Emphasis supplied.)

(7) November 1972—Plaintiff discovers error and advises defendant and requests payment.

(8) January 1973—Defendant again advised of error.

(9) January 1975—Plaintiff advises note is maturing in October when all interest and principal must be paid.

(10) August 1975—Defendant obtains payoff statement.

(11) October 1975—Defendant tenders lesser amount as full payment.

The basic question to be resolved is: Can a unilateral mistake be a ground for the rescission of a contract or in this instance, the note and mortgage signed by the defendants?

Title 15 O.S. 1971, § 63 reads as follows:

Mistake of fact is a mistake not caused by the neglect of a legal duty on the part of the person making the mistake, and consisting in:

1. An unconscious ignorance or forgetfulness of a fact past or present, material to the contract; or,

2. Belief in the present existence of a thing material to the contract, which does not exist, or in the past existence of such a thing, which has not existed.

In the case of *United States v. Jones, 176 F.2d 278 (9th Cir.)* the court commented that "the modern tendency is to recognize unilateral mistake as a ground for rescission of an unexecuted contract . . . the principle is applied when the mistake was known to the other party to the transaction."

In the case of *Humble Oil and Refining Co. v. Chappuis, 239 So.2d 400 (La.1970)*, portions of the oil and gas lease were committed to three producing units. One of the units ceased to produce and the lease contained a provision for cancellation as to any acreage which ceased to produce. Cliff Morrow, a lease broker (not the lessors), requested a release of the non-producing acreage and through error, the Humble

Lease Records section prepared a release of all acreage in the lease, including the land committed to two producing units. The court applied the rule that "Mutual error of fact is not necessary to abrogate a contract," citing the Pan American case [*Pan American Petroleum Corp. v. Kessler, D.C., 223 F.Supp. 883*] as one dealing with an error of fact.

In the instant case, a mistake of fact has occurred, which was a simple human error. The principle of equity can allow this to be rectified, as defendant Hutchinson admitted that he would have lost his property by having same foreclosed, but for the mistake of First Federal in figuring the total interest due on the first note and mortgage. Therefore, the defendants were not damaged by such mistake, but were in fact benefited by being able to continue to finance and build and sell houses.

Furthermore, in *Teachers Conservative Inv. Ass'n v. England, 115 Okl. 298, 243 P. 137*, at p. 139, the Supreme Court's function is clearly set out as follows:

> In a long and unbroken line of decisions this court has held: In an action of purely equitable cognizance, the Supreme Court will consider the entire record and weigh the evidence, and cause to be rendered such judgment as the trial court should have rendered.

For the reasons herein set out, the judgment of the trial court is reversed and the trial court is directed to set same aside, and enter judgment for plaintiff for reformation of the note and mortgage for the amount sought in plaintiff's petition, allowing defendants 30 days from the issuing of mandate to pay said amount into court. Otherwise the trial court is directed to proceed with the foreclosure action, without prejudice to the rights if -any, of Nagel Brown and Julene Hughey, who were not served.

**REVERSED AND REMANDED WITH DIRECTIONS.**

ROMANG and REYNOLDS, JJ., concur.