398 So.2d 1171 (1981)
Camille Poindexter COX, Plaintiff-Appellant,
v.
Theodore H. COX, Defendant-Appellee.
No. 14529.
Court of Appeal of Louisiana, Second Circuit.
April 27, 1981.
DeCelle & Hansen by Malcolm DeCelle, Jr., Monroe, for plaintiff-appellant.
Hayes, Harkey, Smith & Cascio by Louis D. Smith, Monroe, for defendant-appellee.
Before PRICE, HALL and MARVIN, JJ.
*1172 MARVIN, Judge.
At issue in this appeal of a judgment in an action to reform a 1977 community property settlement is the ownership of a 50-foot strip of land which abutted the former marital homesite. The strip was acquired during the marriage in 1974 in the name of the husband. The former marital homesite was the separate property of the wife.
The wife instituted this action in 1980, the husband reconvened, and each litigant asserts that the strip is his (her) separate property. The trial court rejected the demands of each litigant and the husband answered the wife's appeal of that judgment. We affirm.
The wife contends that the strip is her property because $800 of the down payment on the strip was paid by her in 1974 and because she paid the husband $1,250 for his one-half interest in the strip in the community property settlement in 1977.
The husband contends he paid the full purchase price of the lot with his separate funds for the purpose of providing a place for his mobile home.
The 1974 deed of the strip did not contain the double declaration of separateness but conveyed the property to "T. H. Cox, a married man whose wife is Camille ... Boddie ..." The $800 check in 1974 upon which the wife relies, was written to Cash and was endorsed by the husband. The check does contain a notation that it was "for lot next to [the marital homesite]" but the check is dated a month after the deed to the husband. The husband's check [to the vendor for $2,500 as "Bal. on ... lot"] was dated the day after the date of the $800 check which is relied on by the wife.
The community property settlement in 1977, prepared by the wife's attorney, is detailed and specific.[1] The $1,250 paid to the husband by the wife is identified only in this language:
"Further, as part of the consideration herein CAMILLE P. COX has this date paid unto THEODORE H. COX the sum of Twelve Hundred Fifty ($1250.00) Dollars, cash, receipt of which is hereby acknowledged and full acquittance therefor granted."
This amount ($1,250) is not equal to one-half of the $3,500 price paid for the lot in 1974.
The trial court correctly concluded that the evidence (each litigant saying, "I paid for the strip") was not sufficient to overcome the presumption that the strip was community property. Property acquired during the existence of the marriage in the name of the husband, even with money advanced to him by the wife, retains its community character, although the wife might succeed in enforcing a debt against the community for the advance to the husband. See Emerson v. Emerson, 322 So.2d 347 (La.App. 2d Cir. 1975); Guilott v. Guilott, 361 So.2d 1271 (La.App. 3d Cir. 1978); Lane v. Lane, 375 So.2d 660, 675 (La.App. 4th Cir. 1978). Property acquired during the existence of the marriage in the name of the husband without the double declaration *1173 and even with his separate funds, retains its community character, although he might succeed in enforcing a debt against the community for the value that the community has been enhanced by the acquisition. See Compton v. Compton, 371 So.2d 313 (La.App. 2d Cir. 1979) and Barnett v. Barnett, 339 So.2d 495 (La.App. 2d Cir. 1976).
The burden of proving either the separate character of property or error as a ground to reform a conveyance is a heavy burden, more than a mere probability.
"... [T]he evidence, to justify the granting of [reformation of a conveyance] must be clear and convincing, and not ... merely probable that the land was erroneously omitted." Nelson, Curtis & Nelson v. Bridgeman, et al., 152 La. 190, 92 So. 855, 860 (1922) Emphasis supplied.
See also Wilson v. Levy, 234 La. 719, 101 So.2d 214 (1958); Southwest Gas Producing Co. v. Hattie Brothers, 230 La. 339, 88 So.2d 649 (1956); Mire v. Miller, 140 So.2d 767 (La.App. 3d Cir. 1962); Price v. Taylor, 139 So.2d 230 (La.App. 1st Cir. 1962).
We find no manifest or clear error. We adopt the reasons assigned by the trial court which we have summarized and supported. Costs on appeal are assessed one-half to each litigant, and the judgment is
AFFIRMED.
NOTES
[1] He conveys to her:

1. Tiller
2. All household furniture, effects and contents located in the home of Camille P. Cox at 111 Texas Avenue, Monroe, Louisiana
3. One Ford Pinto Station Wagon and renounces any claims to her separate property which includes 10 described immovable tracts of land and described personal or movable property.
She conveys to him:
1. Motor homeHighlander
2. Boat, trailer and motor
3. One Chrysler automobile
4. Personal belongings and tools
5. Addendum annexed hereto
Dirty clothes hamper
22 Rifle
Double barrel 12 G. shotgun, rack, and shells
One stereo and records
One short wave radio
Shoe shine kit
Saddle soap
Necktie rack
AA book
Cotton balls
Tape recorder jack
Motor home table in house at 111 Texas Street, Monroe, Louisiana
11 gallons Mobil roof coating
Cedar chest
Chest of drawers
and renounces any claims to his separate property, which includes a described immovable tract.