175 So. 631

**FAIR v. WILLIAMS et al.**

No. 34362.

June 21, 1937.

Rehearing Denied July 8, 1937.

Henry W. Bethard, Jr., of Coushatta, for applicants.

Craig & Magee, of Mansfield (successors of Craig, Bolin & Magee), for respondent.

LAND, Justice.

This suit is instituted by plaintiff to correct an error in a public sale of succession property to pay debts, so as to include S. W. $\frac{1}{4}$ instead of S. E. $\frac{1}{4}$ of Sec. 10, Tp. 11 N., R. 14 W., De Soto parish in this state.

Willis W. Williams, Sr., a resident of De Soto parish, La., acquired at sheriff's sale on January 20, 1923, in the suit of Mrs. Minnie J. Kidd v. Calvin Johnson et al., No. 10648 on the docket of the district court for that parish, the S. W. $\frac{1}{4}$ of the

S. E. ¼ of Sec. 10, Tp. 11 N., R. 14 W., but in recording the deed, the clerk and ex-officio recorder of De Soto parish erroneously described the property as the S. E. ¼ of the S. E. ¼ of Sec. 10, Tp. 11 N., R. 14 W.

At the succession sale of the property of Willis W. Williams, Sr., deceased, on July 19, 1930, the De Soto Corporation bid in, with other property, the S. E. ¼ of the S. E. ¼ of Sec. 10, Tp. 11 N., R. 14 W.

Willis W. Williams, Sr., was never the owner of the S. E. ¼ of the S. E. ¼ of Sec. 10, Tp. 11 N., R. 14 W.; but at the time of the adjudication at the succession sale to the De Soto Corporation, that corporation was already the owner of the S. E. ¼ of the S. E. ¼ of Sec. 10, Tp. 11 N., R. 14 W. by purchase from the Bank of Commerce & Trust Company on September 13, 1929, which acquired the property from James M. Simmon by deed of date October 2, 1928.

P. C. Fair, the plaintiff, purchased from the De Soto Corporation, on February 1, 1936, the S. W. ¼ of the S. E. ¼ of Sec. 10, Tp. 11 N., R. 14 W.

In the succession of Willis W. Williams, Sr., inventories were made, under the direction of the court, of the property and effects of the decedent. In the inventories several hundred acres of land belonging to the deceased were inventoried. Subsequently thereto, under order of court, the property inventoried as the property of the succession in the parish of De Soto, particularly the real estate, was ordered sold, advertised for sale, and was sold to the De Soto Corporation. The property of the estate consisted of hundreds of acres of land described according to government surveys, but the S. W. ¼ of S. E. ¼ was never inventoried, appraised, advertised for sale, ordered sold, or sold by the administrator of Willis W. Williams, Sr., to pay the debts of his succession. Hence, it is inconceivable that title to this property could have passed at the succession sale to the De Soto Corporation, the vendor of plaintiff, and the purchaser of the other property of the succession.

"A purchaser at succession sale cannot acquire any greater interest in lands belonging to the dead man and his widow in community than that offered and sold.

"What was not advertised, offered, and sold remained in the succession, the widow in community, and the legal heir." Messick v. Mayer, 52 La.Ann. 1161, 27 So. 815.

"Where an administrator's petition for the sale of land and all subsequent proceedings included two 40's not owned by the succession, and the proceedings subsequent to the order of sale omitted two 40's owned by the succession, and the land was not a well-defined body susceptible of identification otherwise than by the government surveys, held, notwithstanding subsequent dealings with the land, that the omitted 40's were not sold, and the sale could not be corrected to include them." Lattimer's Heirs v. Gulf Refining Co. of Louisiana, 146 La. 249, 83 So. 543, 544.

It is to be noted that, in the Lattimer and Messick Cases, above cited, the Supreme Court was dealing specifically with

property that could be described only by its government survey number, and not with the correction of judicial sales where the property is identified by other than its governmental survey number, such as a plantation by name, or a tract of land by its boundaries.

As already shown by the facts herein recited, the case at bar falls clearly within the purview of the holdings in the Lattimer and Messick Cases.

Nor do the cited cases apply to the reformation of errors in conventional sales, since it is well settled that: "Either party is always permitted, in a suit between the parties to a contract, to correct any error in the instrument purporting to evidence the contract, so as to make it express truly and correctly the intention of the parties." State v. Standard Oil Co., 164 La. 334, 353, 113 So. 867, 873, and cases there cited.

In the case of a conventional sale, where the vendor intends to sell, and the vendee intends to buy, specific property, the title actually passes, and there is an actual sale, notwithstanding the error in the description of the property conveyed.

But in the instant case, the property in controversy, the S. W. ¼ of S. E. ¼ of Sec. 10, Tp. 11 N., R. 14 W., was never inventoried, never appraised, never ordered sold, never advertised for sale, was never sold, and there was, in fact, no sale at all. As announced in Messick v.

Mayer, 52 La.Ann. 1161, 27 So. 815: "What was not advertised, offered, and sold remained in the succession, the widow in community, and the legal heir."

The plaintiff obtained a judgment in the Eleventh district court of De Soto parish against defendants Mrs. Mabel C. Williams, Louis Bryant Williams, and Willis W. Williams, Jr., the widow in community and the heirs of Willis W. Williams, Sr., deceased, and against the clerk and ex-officio recorder of De Soto parish, and the De Soto Corporation, decreeing the plaintiff, P. C. Fair, to be the owner of the S. W. ¼ of S. E. ¼ of Sec. 10, Tp. 11 N., R. 14 W., De Soto parish, and reforming the deed in the matter of the succession of Willis W. Williams, Sr., to the De Soto Corporation, dated July 19, 1930, so as to change the description in the deed from the S. E. ¼ to the S. W. ¼ of the property in dispute.

This judgment was affirmed on appeal by the Court of Appeal, Second Circuit.

In our opinion this judgment is erroneous.

For the reasons assigned, the judgment of the Court of Appeal, Second Circuit, affirming the judgment of the Eleventh district court for the parish of De Soto is reversed.

It is now ordered that plaintiff's demand be rejected and that plaintiff's suit be dismissed at his cost.