SAVOY, Judge.
Plaintiff sister filed suit against defendant brother to reform an act of sale which plaintiff had made to defendant •of an undivided interest in certain real •estate situated in Vermilion Parish, Louisiana.
In her petition plaintiff alleges that on January 2, 1946, she conveyed to defendant the property in litigation; that through mutual error on the part of the vendor and vendee, the deed failed to contain a mineral reservation in favor of vendor; and, that the error involved a matter that was the principal cause for making the sale.
Alternatively, plaintiff alleged that should her original position be not maintained, then the sale should be annulled for the reason that there was no meeting of the minds.
Counsel for defendant filed an exception of vagueness and one of improper cumulation of actions.
Plaintiff then filed an amended petition alleging that she owned a specified mineral interest in the property sold to defendant; that because of mutual error on the part of both parties to the sale, the instrument did not specifically contain the reservations intended by them; that prior to the execution of the deed, the parties agreed that the property transferred by plaintiff to defendant and the mineral reservations therein would be the same as those incorporated in two deeds, affecting the same property, made by sisters of plaintiff to Marcus Broussard. Plaintiff alleged further that she and defendant were sister and brother; that prior to the sale, defendant had her power of attorney to manage the lands owned by the family; that defendant was well versed in land transactions, and particularly in matters involving the leasing, purchasing and selling of mineral rights; and that she lived in California and trusted her brother.
Defendant filed an answer denying the allegations of the petition. Defendant also filed an exception of no right and no cause of action, and a plea of laches; also a plea of prescription of five years as to the allegation praying for a rescission of the contract under the provisions of LSA-C.C. Article 3542
After a trial on the merits, the presiding judge resigned as a judge. His successor decided the case from the record in favor of plaintiff, reforming the deed. From this judgment defendant has appealed.
In this Court, defendant also filed a plea of prescription of one year based on fraud.
The trial court, in written reasons for judgment, found that the parties involved herein were sister and brother; that some of the sisters of the parties had sold to Marcus Broussard their undivided interest in the land in question, reserving certain mineral interests and a five-acre tract upon which there was a producing oil well ; that defendant originally sent a similar deed to plaintiff as those prepared in the sales to Marcus Broussard. Plaintiff did not sign this deed because the consideration shown therein was $2,500.00. She sent the deed back, stating she wanted $3,000.00 for her undivided interest in said property. *572 Defendant prepared another deed which contained no mineral reservations and included the five-acre tract mentioned above; however, when defendant mailed the second deed to plaintiff in California, he did not inform plaintiff that a change had been made as to the mineral reservation, or as to the five-acre tract. Plaintiff signed the deed and returned same to defendant. Under the above facts, the trial judge found there was error on the part of both pai'ties, and in the case of defendant found “there was actual chicanery.”
After reviewing the record, this Court finds the finding of facts made by the trial judge are substantially correct. The only difference in the deeds to Marcus Broussard and the original deed prepared by defendant is that the Broussard deeds showed a consideration of $2,500.00 and were on credit; whereas, the first deed prepared by defendant was for $2,500.00, and the second deed was for $3,000.00, with the mineral reservation left out and the five-acre tract included therein.
The record reveals that in the letter accompanying the first deed, defendant told his sister that he copied the instrument from the sales made by sisters of the parties to Marcus Broussard. Also he mentioned that the deed contained reservations which would protect her in case oil or other minerals were discovered on the property. In the second deed there was no indication that the deed was not identical to the first one with the exception of the amount of the purchase price.
It is the contention of able counsel for defendant that the judgment of the district court should be reversed because the trial judge based his decision on fraud. However, fraud is not alleged by plaintiff, and, in fact, there is a stipulation that plaintiff is not contending that the deed was obtained by the fraudulent practices of defendant.
At the trial of the case defendant first testified that the mineral reservations and the five-acre tract had been omitted from the sale through inadvertence. Later during the trial, he stated that he had changed the second deed because he was paying more money than his. sisters had received for their undivided interests sold to Brous-sard.
While the testimony of defendant is. contradictory, we believe that there was a mutual mistake between the parties as to-the sale in question. Plaintiff did not intend to sign a sale without reserving certain mineral rights, and certainly did not intend to sell her interest in the tract upon which there was a producing well. The actions-of defendant led her to believe that the deed she was signing was identical with the deeds her sisters had signed. This is-true because when defendant sent the first deed, he told her this was true. Plaintiff trusted her brother, who had handled the estate affairs for many years.
We are of the opinion that this is a case in which the sale should be reformed to express the intent of the parties.
This Court, in the case of Campbell v. Thomas, (La.App., 3 Cir., 1962), 140 So.2d 163, said:
“The law applicable here, we think, was correctly stated by our Supreme Court in Agurs v. Holt, 232 La. 1026, 95 So.2d 644, as follows:
“ 'The law respecting reformation of instruments is well settled here and elsewhere. It is an equitable remedy and lies only to correct mistakes or errors in written instruments when such instruments, as written, do not express the true ’contract of the parties. See Ober v. Williams, 213 La. 568, 35 So. 2d 219, citing 45 Am.Jur. Sec. 45 et seq. It is a personal action even when applied to real estate (see Louisiana Oil Refining Corporation v. Gandy, 168 La. 37, 121 So. 183), in which the burden is on the one seeking reformation to establish the mutual error and mistake by clear and convincing proof, *573 parol evidence being admissible for this purpose. Waller v. Colvin, 151 La. 765, 92 So. 328; Smith v. Chappel, 177 La. 311, 148 So. 242; Fair v. Williams, 187 La. 953, 175 So. 631 and Southwest Gas Producing Co. v. Hattie Brothers, 230 La. 339, 88 So.2d 649. * * *”’
Defendant also contends that the plea of laches should prevail because plaintiff waited so long to file the suit. The answer to this argument is that a suit to reform prescribes in ten years from the time of the discovery of the error. The instant suit was brought within the prescriptive period.
We conclude that the plaintiff has established that there was mutual error by clear and convincing evidence.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.