PRICE, Judge.
This is an appeal by plaintiff from ,the judgment dismissing its action to reform the description in a deed of property purchased at a sheriff’s sale. The issues are the sufficiency of the evidence to establish mutual error, and whether the subsequent compromise of the debt on which the writ of seizure and sale was issued should preclude plaintiff’s right to have the erroneous description corrected.
Custom Financing of Bossier City obtained a default judgment for $728 with eight per cent interest and attorney’s fees against Allen Williams and his first wife, Doris Garrison Williams. The judgment was for the balance owed on a note secured by a mortgage on certain land in Bossier Parish which was erroneously described in the act of mortgage as follows:
The East one acre of the South five (5) acres of the North fifteen (15) acres of the Northeast Half (NE 1/2) of the Northwest Quarter of Section 18, T18 North Range 11 West, Bossier Parish, Louisiana. (Emphasis Added)
The land was seized under a writ of fieri facias and sold to the plaintiff for $500. The sheriff’s deed contained the above description. In an attempt to satisfy its claim, plaintiff subsequently garnished the defendant’s bank account and the wages of defendant’s second wife, Ruby Gladney Williams. By joint motion, the wife’s garnishment was dissolved on allegations thát “ . . . the remaining balance due on this suit has been settled.” Over a year after the judicial sale, plaintiff filed suit to reform the sheriff’s deed to correctly describe the property conveyed as follows:
East one acre of South five (5) acres of North fifteen (15) acres of the Northeast Quarter of the Northwest Quarter of Section 18, Township 18 North, Range 11 West, Bossier Parish, Louisiana. (Emphasis Added)
The trial judge rejected plaintiff’s demand as he found the original debt had been fully paid and satisfied by the compromise agreement. We reverse for the following reasons.
The evidence satisfies us the description in the sheriff’s deed to plaintiff is inaccurate and was caused by mutual error. The inadvertent substitution of “NE 1/2 of the NW 1/4 of Sec. 18” instead of the correct “NE 1/4 of the NW 1/4 of Sec. 18” resulted from the transmittal of the legal description of Williams’s property from his attorney’s office to plaintiff’s office for the purpose of preparing a mortgage in connection with the loan made to Williams. The error was then carried forth to the sheriff’s records in their preparation of the writ of fieri facias and the deed conveying the property to plaintiff as the purchaser at the sheriff’s sale.
Williams admits in his testimony that he owned no other property in Bossier Parish at the time of these transactions. He further admits he was present at the sheriff’s sale and subsequently talked to the civil deputy who prepared the deed and acknowledged to him the legal description was erroneous. He admitted agreeing at that time to sign a corrective instrument and later refusing to sign on advice of his attorney.
The general rule on reformation of an instrument is:
The law respecting reformation of instruments is well settled here and elsewhere. It is an equitable remedy and lies only to correct mistakes or errors in written instruments when such instruments, as written, do not express the true contract of the parties. See Ober v. Williams, 213 La. 568, 35 So.2d 219, citing 45 Am.Jur. Sec. 45 et seq. It is a personal action, even when applied to real estate (see Louisiana Oil Refining Corporation v. Gandy, 168 La. 37, 121 So. 183), in which the burden is on the one seeking reformation to establish the mutual error and *651 mistake by clear and convincing proof, parol evidence being admissible for this purpose. Waller v. Colvin, 151 La. 765, 92 So. 328; Smith v. Chappell, 177 La. 311, 148 So. 242; Fair v. Williams, 187 La. 953, 175 So. 631 and Southwest Gas Producing Co. v. Hattie Brothers, 230 La. 339, 88 So. 2d 649. Hence, it follows that the instant case presents for determination mainly a question of fact, bearing in mind that plaintiff carries the burden of proof and that the evidence of mutual error must be strong and convincing.
Agurs v. Holt, 232 La. 1026, 95 So.2d 644, 645-646 (La.1957). Also see Segall v. Traham, 290 So. 2d 854 (La.1974).
A judicial sale of real estate erroneously describing the property intended to be sold is also subject to reformation. Moody v. Singleton, 113 So.2d 472 (La.App. 2nd Cir. 1959).
At the time of the seizure and sale which gave rise to the deed in issue, there was no question that Williams owed the full amount of the judgment against him. The subsequent joint motion to dismiss a garnishment on the basis that the balance owed had been settled has no effect on the validity of the prior judicial sale. The settlement was partially effected by proceeds credited to the judgment from the sheriff’s sale.
The trial judge apparently confused the chronological sequence of events and was under the impression the compromise occurred prior to the judicial sale. We quote his reference to these incidents in his reasons for judgment dictated into the record at the conclusion of the trial:
* * * Now this action is to reform a Sheriff’s Sale, which resulted after a compromise settlement had been entered into by the parties involving suit number 40,968, Custom Financing versus Allen Williams, which is executed by both parties through their counsel, and the Court feels that the suit to foreclose the mortgage should not have been filed . if the claim had been settled, * * *
Plaintiff has sufficiently shown the property it purchased at the judicial sale was erroneously described because of mutual error and is entitled to have the sheriff’s deed reformed.
The judgment is reversed and it is ordered that plaintiff have judgment against defendants, correcting and reforming that certain deed from the Sheriff and Ex Offi-cio Auctioneer of Bossier Parish to Custom Financing of Bossier City, Inc., dated October 30, 1974, and recorded October 31,1974, in Conveyance Book 529 at page 792, under registry # 269,392, to include and describe the property conveyed as follows:
East one acre of South Five (5) acres of North fifteen (15) acres of the Northeast Quarter of the Northwest Quarter of Section 18, Township 18 North, Range 11 West, Bossier Parish, Louisiana.
All costs of this proceeding are assessed to defendant, Allen Williams.