423 So.2d 1305 (1982)
NEW HOTEL MONTELEONE, INC.
v.
FIRST NATIONAL BANK OF COMMERCE, INC.
No. 13017.
Court of Appeal of Louisiana, Fourth Circuit.
December 2, 1982.
Rehearing Denied January 14, 1983.
*1307 Frank C. Dudenhefer, Arthur L. Ballin, New Orleans, for plaintiff-appellant.
James P. Farwell, L. Havard Scott, III, New Orleans, for defendant-appellee.
Before WARD, WILLIAMS and BYRNES, JJ.
WARD, Judge.
The New Hotel Monteleone, Inc. brought suit in Orleans Parish Civil District Court asking for rescission or reformation of a contract entered into with the First National Bank of Commerce. The Trial Judge rendered judgment for the Bank denying either rescission or reformation, and Monteleone has appealed.
We affirm the judgment of the Trial Court for the reasons set forth below.
The contract, entitled "Air Conditioning and Water Contract," was one of several agreements entered into in 1963 between the Monteleone and the Bank. In the first contract, the Monteleone leased to the First National Bank of Commerce a piece of unimproved property in the city of New Orleans adjacent to the Hotel. The Bank was to construct a building for a branch office on the leased grounds. After signing the lease for the land, Monteleone and the Bank executed another contract entitled "Air Conditioning and Water Contract" which provided that Monteleone would supply hot and cold water and heating and cooling agents to the Bank and that "the Bank shall pay the Hotel Two Hundred ($200.00) Dollars per month for said services." The contract also provided that it would be effective for the duration of the ground lease, which was renewed in 1978, and terminates in 1993.
In 1963, when the contract was signed, two hundred ($200.00) dollars approximated Monteleone's monthly cost for providing the hot and cold water and heating and cooling agents to the building. After 1963, the cost of providing utilities to the Bank substantially increased, and in 1976, when the cost far exceeded Two Hundred ($200.00) Dollars, Monteleone requested the Bank to pay the actual cost incurred by Monteleone. The Bank refused, relying on the terms of the 1963 utility agreement, and in 1978, Monteleone filed this suit. The Bank filed an exception to the action, asserting that Monteleone's claims had prescribed. The Trial Judge declined to rule on the Bank's exception, but after trial on the merits, he rendered judgment in favor of the Bank and against Monteleone.
On appeal, Monteleone designates several assignments of error, primarily contending that the Trial Judge erred when he held that the contract is a valid, accurate and complete representation of the intent of the parties. In other words, Monteleone contends that the Trial Judge should have nullified or rescinded the contract which it argues is invalid first, because it was entered into without cause or consideration; secondly, because there was error in the principal cause; and, lastly, because it contains a potestative condition which makes the obligation depend solely on the exercise of the Bank's will.
*1308 Alternatively, Monteleone contends, in the event the contract is not nullified or rescinded, that the Trial Judge should have reformed the contract because there was mutual error between the parties. More particularly it argues that there is error in the contract and that it should be reformed because it does not express the true intentions of the parties that the Bank pay the actual cost of supplying the utilities. Finally, it argues that if the contract is not either nullified and rescinded, or reformed, it should be terminated at once because it results in an unjust enrichment of the Bank at the Hotel's expense.
The Bank maintains that the Trial Judge did not err in his determination of the merits and, further, reurges the argument that Monteleone's suit for either rescission or reformation had prescribed. We pretermit Monteleone's assignments of error because we believe that its suit for rescission or reformation of the 1963 "Air Conditioning and Water Contract" was barred by prescription.
The prescriptive period for rescission of contracts is determined by La.C.C. Art. 2221 which states in pertinent part:
In all cases in which the action of nullity or of rescission of an agreement is not limited to a shorter period by a particular law, that action may be brought within ten (10) years.[1]
* * * * * *
Monteleone's first argument for nullification or rescission is based on its belief that there was an absence of cause or consideration, and it contends that the contract can have no effect, relying on La.C.C. Art. 1893 which provides that "[a]n obligation without a cause, or with a false or unlawful cause, can have no effect." According to La.C.C. Art. 1898, where adequate cause or consideration exists at the time the contract is made, but afterwards fails, its failure will not affect the contract. If there was an absence of cause when the contract was entered into in 1963, the action to rescind on this basis would have prescribed ten years later in 1973. La.C.C. Art. 2221. Monteleone's lawsuit to rescind the contract on this basis was not filed until 1978. We therefore believe Monteleone's action to rescind for lack of cause or consideration was barred by prescription.
Monteleone's next argument is that because there was error in the principal motive, the contract should be rescinded or declared null for lack of consent. They assert that their only motivation was to provide the utilities for actual cost and without profit and that they intended to consent to cost reimbursement, believing in error that the fixed price contract expressed their intent.
The law is clear. An action to rescind a contract because of alleged error is likewise governed by La.C.C. Art. 2221:
In all cases in which the action of nullity or of rescission of an agreement is not limited to a shorter period by a particular law, that action may be brought within ten (10) years.
That time commences in case of violence only from the day on which the *1309 violence has ceased; in case of error or deception, from the day on which either was discovered.
Nevertheless, Monteleone's tabulation of yearly costs for providing utilities to the Bank shows that the cost rose above two hundred ($200.00) dollars as early as 1964, and then continued to rise each year thereafter. By 1967, the cost had risen nearly twenty-five (25%) percent. Therefore, it should have been apparent to Monteleone during the years immediately following the execution of the contract, if not discernible from the face of the contract, that the fixed price contract did not provide for reimbursement of actual cost. Since Monteleone's suit to rescind the contract for error was filed more than ten years after the facts supporting its allegation of error had become readily apparent, we believe the suit was barred by prescription.
Monteleone additionally claims that the contract should be rescinded because it contains a potestative condition which makes the contract depend solely on the exercise of the Bank's will. The existence of a potestative condition would have been apparent on the face of the contract so that the ten year prescriptive period of C.C. Art. 2221 began to run when the parties entered into the contract in 1963. We believe that Monteleone's suit for rescission because of a potestative condition was likewise barred.
As an alternative to rescission, Monteleone asks that the contract be reformed to express the true intent of both parties, alleging mutual error in the formation of the contract. Reformation is an equitable remedy to correct errors in written documents, and an action for reformation is subject to the ten year prescriptive period set forth in La.C.C. Art. 3544. Similar to the prescriptive period of La.C.C. Art. 2221, the prescriptive period of Article 3544 begins to run when the error is discovered. Vallee v. Vallee, 180 So.2d 570 (La.App. 3d Cir.1965); Agurs v. Holt, 232 La. 1026, 95 So.2d 644 (1957). In its argument for rescission, Monteleone contended that there was a unilateral error as to cause. In its alternative argument for reformation, it contends that there was mutual error, alleging that both parties intended to contract for the reimbursement of the actual cost to the Hotel. For the same reasons we have previously discussed, we believe that Monteleone's suit was barred by prescription because Monteleone was aware in the years immediately following the execution of the contract that the terms of the contract did not reflect the intentions of both of the parties. Although Monteleone may not have realized the serious consequences of its mistake until later years when prices continued to soar, the law requires that the action for rescission or reformation be brought within ten years of the discovery of the error, rather than the discovery of the consequences of the error. Monteleone's suit for reformation was not brought until more than ten years after discovery of the alleged error, and therefore, was barred.
Finally, Monteleone contends that the contract results in unjust enrichment to the Bank and impoverishment to itself. Monteleone's claim of unjust enrichment is also governed by the ten year prescriptive period of La.C.C. Art. 3544. Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1968) (Per Summers, J. with two justices concurring and two justices concurring in result.); Department of Highways v. City of Pineville, 403 So.2d 49 (La.1981). As with the allegations of error, Monteleone should have been aware of the facts supporting its claim of unjust enrichment in the years immediately after the contract was entered, and thus its petition asking for immediate termination of the contract is also barred.
Moreover, even if we were to hold that the action had not prescribed, Monteleone would not prevail on this basis. There are five prerequisites that must be satisfied to successfully invoke an action for unjust enrichment: (1) there must be an enrichment; (2) there must be an impoverishment; (3) there must be a connection between the enrichment and the impoverishment; (4) there must be an absence of justification or cause for the enrichment *1310 and impoverishment; and (5) there must be no other remedy at law. Minyard v. Curtis Products, Inc., supra. Although there may be an enrichment of the Bank and a connected impoverishment of the Hotel, Monteleone does not have a cause of action for unjust enrichment because the enrichment results from a contract which has the effect of law on the parties, and, therefore, the enrichment is not without legal cause or justification. See, La.C.C. Art. 21; La.C.C. Art. 1901; Minyard v. Curtis Products, Inc., supra; Edmonston v. A-2nd Mortgage Co. of Slidell, Inc., 289 So.2d 116 (La.1974).
Accordingly, for the reasons set out above, the judgment of the Trial Court is affirmed.
NOTES
[1] Before amendment by Act # 308, Sec. 1 of 1980, La.C.C. Art. 3542 provided: "The following actions are proscribed by five years: That for nullity or rescission of contracts, testaments or other acts." The apparent conflict between the former Article 3542 and Article 2221 has baffled jurists and resulted in confused jurisprudence in which one article or the other has been applied through strained analysis or without comment or explanation. See generally, Comment, The Five and Ten Year Prescriptive Periods for the Action of Nullity or Rescission of Agreements, Contracts and Other Acts. 21 Tul.L.Rev. 438 (1947) and Marshall v. Wells, 381 So.2d 551 (La.App. 2d Cir.1980) (and cases cited therein at page 553). Article 3542, as amended in 1980, abates the confusion by deleting the word "contracts" to provide: "The following actions are prescribed by five years: That for the nullity or rescission of testaments or other acts. That for the reduction of excessive donations. That for the rescission of partitions and guarantee of the portion. This prescription only commences against minors after their majority."

Plaintiff's action may be held to have prescribed under either the former Art. 3542 or Art. 2221. Our discussion is limited to the provisions of Art. 2221, giving Plaintiff the benefit of any doubt as to the applicability of the shorter prescriptive period of the former Art. 3542.