450 So.2d 1030 (1984)
Lucille Jennings FREEMAN, et al.
v.
Pete WILLIAMS and Mary Jennings Williams.
No. 83 CA 0716.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
Phil E. Miley of Miley & Martin, Baton Rouge, for plaintiffs-appellees and defendants-in-reconvention.
Robert M. Braiwick, Jr., New Orleans, for defendants-appellants and plaintiffs-in-reconvention.
Before SHORTESS, LANIER and CRAIN, JJ.
*1031 SHORTESS, Judge.
This suit arose over an alleged error in a deed which transferred a disputed amount of property from Pete Williams and Mary Jennings Williams to Lucille Jennings Freeman. The problem occurred because the deed recited that the quantity transferred was 40 acres, but the measure in metes and bounds amounted to only four acres.
On February 3, 1945, an act purporting to be a sale of forty acres in St. Helena Parish was passed between Pete and Mary Williams and Lucille Freeman. On February 4, 1982, plaintiffs, Lucille Jennings Freeman, Freddie Freeman, James Freddie Freeman, and Alice Blanch Freeman Cooper[1] filed suit seeking to have the deed reformed to reflect that forty acres were indeed conveyed. Defendants, Pete and Mary Williams, filed a reconventional demand seeking to have the deed reformed to reflect that only four acres were transferred. Defendants additionally claimed that they had acquired the property by acquisitive prescription. On December 16, 1982, Francis Williams, defendants' son and administrator of the estate of Pete Williams, was substituted as a defendant and plaintiff in reconvention. The trial judge ruled in favor of plaintiffs, dismissed defendants' reconventional demand, and reformed the deed to reflect that forty acres were conveyed. Defendants have appealed this judgment and have filed the peremptory exception of prescription on appeal, alleging that the action for reformation had prescribed at the time that plaintiffs' suit was filed.
Plaintiffs' version and defendants' version of the facts differ radically on every issue. Lucille Freeman testified that there was never a question but that forty acres were conveyed until three to five years prior to trial. She stated that Francis Williams had occupied the premises only as a tenant and paid rent. Plaintiffs' version is corroborated by the testimony of Ples and Riley Jennings (who are brothers of both Lucille Jennings Freeman and Mary Jennings Williams) and Alice Freeman Cooper (who is the daughter of Lucille Freeman). Plaintiffs' testimony is also bolstered by the testimony of O.C. Hollister who prepared a survey of the property in 1975. Hollister testified that when he made the survey, the parties were only disputing the location of the property and not the number of acres involved.
Only Francis Williams testified for defendants. He testified that the dispute as to whether forty or four acres were conveyed began approximately fifteen years prior to trial. Williams initially testified that he began making rental payments on the property five years prior to trial. He later testified that he stopped paying rent in 1960 when he learned that the property may not have been owned by Lucille Freeman. Francis Williams is responsible for discovering the discrepancy in the deed.
Defendants say that the trial judge erred in (1) finding that plaintiffs met their burden of proving that the parties intended to convey forty acres; (2) failing to declare the act of sale a nullity for lack of agreement on the object of the sale; and (3) concluding that defendants did not acquire the disputed property by acquisitive prescription.
The law on reformation of instruments is summarized in the case of Custom Financing of Bossier City, Inc. v. Williams, 340 So.2d 649, 650-651 (La.App. 2nd Cir.1976):
The law respecting reformation of instruments is well settled here and elsewhere. It is an equitable remedy and lies only to correct mistakes or errors in written instruments when such instruments, as written, do not express the true contract of the parties. See Ober v. Williams, 213 La. 568, 35 So.2d 219, citing 45 Am. Jur.Sec. 45 et seq. It is a personal action, even when applied to real estate (see Louisiana Oil Refining Corporation v. Gandy, 168 La. 37, 121 So. 183), in which the burden is on the one seeking *1032 reformation to establish the mutual error and mistake by clear and convincing proof, parol evidence being admissible for this purpose. Waller v. Colvin, 151 La. 765, 92 So. 328; Smith v. Chappell, 177 La. 311, 148 So. 242; Fair v. Williams, 187 La. 953, 175 So. 631 and Southwest Gas Producing Co. v. Hattie Brothers, 230 La. 339, 88 So.2d 649. Hence, it follows that the instant case presents for determination mainly a question of fact, bearing in mind that plaintiff carries the burden of proof and that the evidence of mutual error must be strong and convincing.
The trial judge in the instant case found that "[t]he evidence is overwhelming and has gone beyond a preponderance of the evidence that the plaintiff will prevail in this matter." (Emphasis added.) After a careful review of the record, we find that the trial judge was not manifestly erroneous in finding that the parties intended to convey forty acres. Plaintiffs met their burden of proving by clear and convincing evidence that there was a mutual error. Therefore, defendants' contention that plaintiffs' failure to prove agreement as to the object of the sale is without merit.
The party who makes the plea of acquisitive prescription bears the burden of proving all of the facts that are essential to support it. Levatino v. Williams, 396 So.2d 380 (La.App. 1st Cir.1981). To acquire the ownership of property, not only must corporeal possession exist, but also an intention to possess as owner must be present. La.C.C. art. 3424. A lessee is a precarious possessor who is presumed to possess for another. La.C.C. art. 3438. The testimony of Francis Williams was not consistent. At one point he testified that he stopped paying rent in 1960 when he learned that the property was not the Freemans'. On another occasion he testified that he began making rental payments about five years ago. Based on this testimony and on plaintiffs' testimony that Williams only possessed as a tenant, we find that defendants failed to establish adverse possession.
Defendants, in this court, have filed an exception of liberative prescription based upon La.C.C. art. 3499. An action for reformation of a deed is a personal action and is governed by the ten-year liberative prescription of La.C.C. art. 3499. However, prescription does not begin to run against the party seeking reformation until the error or mistake is discovered or should have been discovered by the use of due diligence. Agurs v. Holt, 232 La. 1026, 95 So.2d 644 (1957). Lucille Freeman testified that the dispute did not arise until three to five years prior to trial and that until that time no one questioned the fact that forty acres had been conveyed. Her testimony was substantiated by Ples Jennings, Riley Jennings, O.C. Hollister and Alice Cooper.
Hollister testified that as late as 1975 when he prepared the survey the parties were not disputing the number of acres conveyed but only the location of said property. Only Francis Williams stated that the dispute arose fifteen years prior to trial. After a careful review of all the above testimony, we find that the action for reformation has not prescribed. The decision of the trial court reforming the deed in question and dismissing defendants' reconventional demand is affirmed at defendants' costs.
AFFIRMED.
NOTES
[1] Plaintiff Lucille Jennings Freeman was married to John Freeman at the time of the sale. John Freeman died in 1969, and his judgment of possession named plaintiffs Freddie Freeman, James Freddie Freeman, and Alice Blanch Freeman Cooper as his children and heirs.